Azuka Amucha (State Bar No. 233891)
aamucha@yahoo.com
**AMUCHA & ASSOCIATES**
1800 Century Park East, Suite 600
Los Angeles, CA 90067
Tel: (310) 407-5198
Fax: (310) 229-5738

Attorneys for Plaintiff
TRACY MORISON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY MORRISON,<br><br>          Plaintiff,<br><br>     vs.<br><br>BATH & BODY WORKS; and DOES 1 THROUGH 100, inclusive<br><br>          Defendants | **Case No. CV 10-1276 ODW (Ex)**<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. **Strict Products Liability**<br>2. **Failure To Warn**<br>3. **Breach of Express Warranties**<br>4. **Breach of Implied Warranties**<br>5. **Negligent Products Liability**<br>6. **Negligent Infliction of Emotional Distress**<br><br>**JURY TRIAL DEMANDED** |

COME NOW THE PLAINITFF AND ALLEGES AS FOLLOWS:

COMPLAINT FOR DAMAGES - 1

# I.

# THE PARTIES

1. At all times mentioned herein, Plaintiff TRACY MORRISON ("Plaintiff") is and was a resident of the State of California, County of Los Angeles.

2. At all times mentioned herein, Defendant Bath & Body Works, LLC ("Defendant") is and was a Delaware corporation doing business in the State of California with its headquarters and principal place of business located in the City of Columbus in the State of Ohio.

3. At all relevant times, Defendant held itself out as a company experienced and capable in the design, manufacture, fabrication, assembly, distribution, marketing, advertising and sale of a product named "Bath & Body Works Suddenly Sauna For Feet," which is marketed for use by consumers in California and throughout the world.

4. Defendant DOES 1 through 100, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiffs will amend this complaint by inserting their true names and capacities pursuant to California *Code of Civil Procedure* § 474. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages were proximately caused

by those defendants. Each reference in this complaint to "Defendant," "Defendants," or a specifically named defendant refers also to all defendants similarly sued under fictitious DOE names.

5.  Plaintiff is informed and believes, and thereon alleges, that at all times material hereto and mentioned herein, each Defendant sued herein *(both named and DOE defendants)* was the agent, servant, employer, joint venturer, contractor, contractee, partner, division owner, subsidiary, division, alias, and/or alter ego of each of the remaining defendants and was, at all times, acting within the purpose and scope of such agency, servitude, employment, contract, ownership, subsidiary, alias and/or alter ego and with the authority, consent, approval, control, influence and ratification of each remaining Defendant sued herein.

## II.

## GENERAL ALLEGATIONS

6.  At all times mentioned herein, Defendants and DOES 1-100, inclusive, and each of them, were engaged in the business of manufacturing, designing, assembling, compounding, testing, inspecting, packaging, labeling, fabricating, constructing, analyzing, distributing, servicing, merchandising, recommending, advertising, promoting, marketing and selling of the "Bath & Body Works Suddenly Sauna For Feet" and its component parts and constituents, for resale to and use by members of the general public.

7.     Further, the Defendants, and each of them, were engaged in the business of manufacturing, designing, assembling, compounding, testing, inspecting, packaging, labeling, fabricating, constructing, analyzing, distributing, servicing, merchandising, recommending, advertising, promoting, marketing and selling the "Bath & Body Works Suddenly Sauna For Feet" and their component parts and constituents, for resale to and use by members of the general public.  "Bath & Body Works Suddenly Sauna For Feet" was marketed and advertised for home use by the general public.

8.     "Bath & Body Works Suddenly Sauna For Feet" are purportedly "hot foot treatments" in the form of disposable booties filled with a "gel" that are to be worn on the feet and that heat up when water is added to them.  Said product is intended to be used at the consumer's home and is to act as a "mini-sauna" to moisturize and hydrate feet.

9.     Each box of "Bath & Body Works Suddenly Sauna For Feet" contains four individually wrapped packages.  Each individually wrapped package contains one single-use pair of said product.  Defendants advertise and market said product in a manner that encourages consumers to purchase the box and remove the individually wrapped packets and place them into gift baskets, gift bags, or otherwise disburse them for use by others.  In fact, Defendant sells gift baskets and gift bags for this exact purpose.

10. Defendant and its officers, directors, employees, and/or agents, intended and planned that the "Bath & Body Works Suddenly Sauna For Feet" be marketed and sold for home use by consumers. Further, said officers, directors, employees and/or agents were informed, knew, considered, anticipated and foresaw and in fact intended that the individually wrapped packages within each box would be disbursed by purchasers of the product to be used by others.

11. Plaintiff is informed and believes that Defendant knew or should have known about the safety risks presented by the "Bath & Body Works Suddenly Sauna For Feet".

12. Further, Defendant wholly and entirely failed to provide any warnings whatsoever on the individual packages of the "Bath & Body Works Suddenly Sauna For Feet."

13. On or about November 2008, Plaintiff received as a gift, in a gift basket, one individually wrapped package of "Bath & Body Works Suddenly Sauna For Feet."

14. "Bath & Body Works Suddenly Sauna For Feet" was defective in its design and/or manufacture, was dangerous and failed to carry any warnings whatsoever.

15. On or about November 8, 2008, Plaintiff used the "Bath & Body Works Suddenly Sauna For Feet" in her home in a foreseeable manner.  Plaintiff was

severely injured when the product caused third degree chemical burns on both of her feet. Additionally, Plaintiff's feet turned purple and black and became permanently scared as a result. Plaintiff's feet subsequently became severely infected as a result of the injury caused by the product requiring her to undergo surgery on her right foot and to obtain stitches. Since the surgery, Plaintiff's right foot remains swollen and Plaintiff still suffers from pain in both feet.

    16. The direct and proximate cause of the injury to the Plaintiff was the flawed design and/or manufacture of said product, including but are not limited to the following:

    a. Said product was unreasonably, dangerously, defectively designed in that there were no warnings whatsoever on the individual packages. This made the product both unreasonably, dangerously, and defectively designed for the product's intended and foreseeable uses;

    b. Said product was unreasonably, dangerously, and defectively designed in that the purported "how to" guide contained within "Bath & Body Works Suddenly Sauna For Feet" box did not contain adequate warnings;

    c. The design defects mentioned above constitute latent or hidden defects in that the ordinary consumers and users could not contemplate that such injuries can occur from use of said product.

    17. Plaintiff was severely injured and has suffered and will

continue to suffer pain, suffering, disfigurement, embarrassment, inconvenience and associated mental anguish. Plaintiff has incurred and will continue to inure medical expenses. Further, Plaintiff has been damaged in her lost earning capacity due to her injuries.

## III.

## FIRST CAUSE OF ACTION

**Strict Product Liability: Defective Design and/or Manufacture**

*(Against All Defendants)*

18.  Plaintiff refers to, repeats and realleges each of the allegations in Paragraphs 1 through 17 of this Complaint and incorporate said allegations into this cause of action as though fully set forth herein.

19.  At all times mentioned herein, Defendants and DOES 1-100, inclusive, and each of them, designed, manufactured, assembled, tested, inspected, maintained, distributed, marketed, promoted, advertised, and/or sold the "Bath & Body Works Suddenly Sauna For Feet" and its component parts and constituents, for resale and use by members of the general public.

20.  At all times mentioned herein, including November 8, 2008, Plaintiff used said product in a foreseeable manner.

21.  Defendants, and each of them, knew that members of the general

public would use the "Bath & Body Works Suddenly Sauna For Feet" without being able to inspect it or become aware of its defective nature. Prior to November 8, 2008, Plaintiff had no reason to suspect or know that the product was defective and unsafe for use.

22. The "Bath & Body Works Suddenly Sauna For Feet" was defective at the time of manufacture, design, production, distribution, testing, inspection, sale, endorsement, promotion and/or advertisement. The product was defective and unsafe for its intended use.

23. As a direct and proximate result of the herein-described acts and/or omissions of the Defendants, and each of them, Plaintiff was severely injured. Plaintiff suffered and continues to suffer great mental anguish as a result and has been generally damaged in a sum in excess of the jurisdictional limits of this Court.

24. Prior to the sale of the "Bath & Body Works Suddenly Sauna For Feet" to Plaintiff and/or the use of the product by Plaintiff on November 8, 2008, Defendants, and each of them, knew or should have known that the product was in a defective and dangerous condition and that because of the defects, the product could not be used safely for the purposes for which it was intended.

25. Despite their knowledge that "Bath & Body Works Suddenly Sauna For Feet" was defective and dangerous, Defendants, and each of them, acted with willful and conscious disregard for public safety by designing, manufacturing,

assembling, distributing, marketing, testing, inspecting, repairing, maintaining, servicing, promoting, advertising, and/or selling product.

26. Defendants, and each of them, had notice and knowledge or should have had notice ad knowledge before the date of sale, distribution, and/or use of the product in November 8, 2008, that the product presented a foreseeable risk of increased harm to the public, including purchasers and users of the product including Plaintiff, and as such, persons such as Plaintiff were subjected to the said defective product were unreasonably subjected to risk of harm and injury.

27. Defendants, and each of them, acted willfully, wantonly, and recklessly, with oppression, fraud, and malice, and with conscious disregard of the rights and safety of others as described herein above. Consequently, Plaintiff requests that the trier of fact, in the exercise of its sound discretion, award Plaintiff exemplary damages, to punish the Defendants, and each of them, for their despicable conduct. Plaintiff contends that such damages should be reasonably related to Plaintiff's actual damages and Defendants' wealth, but sufficiently large enough to serve as an example to others and to deter the Defendants and others from engaging in similar misconduct in the future.

### IV.
### SECOND CAUSE OF ACTION
**Strict Product Liability: Failure to Warn**
*(Against All Defendants)*

28. Plaintiff refers to, repeats and realleges each of the allegations in

Paragraphs 1 trough 27 of this Complaint and incorporate said allegations into this cause of action as though fully set forth herein.

29. At all times mentioned herein, Defendants and DOES 1-100, inclusive, and each of them, designed, manufactured, distributed, marketed, promoted, advertised, sold, supplied, tested and/or inspected the "Bath & Body Works Suddenly Sauna For Feet" described herein above, for the purpose of placing them in the stream of commerce.

30. "Bath & Body Works Suddenly Sauna For Feet" manufactured, distributed, marketed, promoted, advertised, sold and/or inspected by Defendants, and each of them, was unaccompanied by proper warnings regarding all possible adverse side effects and risks associated with the use of the product. The statements set forth in the "how to" guide placed within the box did not accurately reflect the risk of malfunction, injury, and other risks of the product.

31. As a result of the failure to warn, Plaintiff suffered injuries and damages as alleged herein above.

32. Prior to the manufacturing, assembly, distribution, sale and/or use of said "Bath & Body Works Suddenly Sauna For Feet", Defendants, and each of them, knew the said product was in a defective condition as previously described, and knew that the defects in the product would cause serious injuries and/or death in users.

33. Defendants, and each of them, acted willfully, wantonly, with oppression, fraud, and/or malice, and with a conscious disregard of the rights and safety of others, as described herein above, such that Plaintiff requests that the trier of fact, in the exercise of its sound discretion, award Plaintiff additional damages for the sake of example and sufficient to punish said Defendants, and each of them, for their despicable conduct, in an amount reasonably related to Plaintiff's actual damages and defendants' wealth, yet sufficiently large enough to be an example to others and to deter these Defendants and others from engaging in similar conduct in the future.

## V.

## THIRD CAUSE OF ACTION

### Breach of Express Warranties

*(Against All Defendants)*

34. Plaintiff refers to, repeats and realleges each of the allegations in Paragraphs 1 through 33 of this Complaint and incorporate said allegations into this cause of action as though fully set forth herein.

35. At all times mentioned herein, Defendants and DOES 1-100, inclusive, and each of them, expressly warranted to Plaintiff and the general public, that the "Bath & Body Works Suddenly Sauna For Feet" was safe, effective, fit and proper for its intended use.

36.     Plaintiff, in purchasing and/or using the "Bath & Body Works Suddenly Sauna For Feet", relied on the skill, judgment, representations and foregoing express warranties of the Defendants, and each of them. Said warranties and representatives were false in that then product was not safe and was unfit for the uses for which it was intended.  Approximately two days after Plaintiff sustained said injuries as a result of use of the product, she sent an email to Defendants via Defendants' web site and advised them of her injuries and asked for suggestions as to how to remedy her pain and injuries.  Plaintiff received no response.  Plaintiff made approximately ten to fifteen subsequent attempts during the next two months to notify Defendants of her injury via Defendants' web site. Plaintiff never received any sort of response.   Plaintiff then called Defendants'' corporate office numerous times advising them of the injuries she sustained from use of the product.

37.     As a result of the foregoing breach of express warranties by Defendants, and each of them, Plaintiffs suffered injuries and damages as alleged herein above.

/ / /

# VI.

# FOURTH CAUSE OF ACTION

## Breach of Implied Warranties

*(Against All Defendants)*

38. Plaintiff refers to, repeats and realleges each of the allegations in Paragraphs 1 through 37 of this Complaint and incorporate said allegations into this cause of action as though fully set forth herein.

39. Prior to the time that the "Bath & Body Works Suddenly Sauna For Feet" was used by Plaintiff, the Defendants, and each of them, implied warranties to Plaintiff and the general public that said product was of merchantable quality and safe and fit for the use for which it was intended.

40. Plaintiff is unskilled in the research, design and manufacture of the aforementioned product and reasonably relied entirely on the skill, judgment and implied warranty of the Defendants in using the product.

41. The product was neither safe for its intended use nor of merchantable quality, as warranted by Defendants, in that it had dangerous propensities when put to its intended use and would cause severe injuries to the user.

42. As a result of the aforementioned breach of implied warranties by the Defendants and each of them, Plaintiff suffered injuries and damages as alleged herein above.

# VII.

# FIFTH CAUSE OF ACTION

## Negligent Product Liability

### *(Against All Defendants)*

43. Plaintiff refers to, repeats and realleges each of the allegations in Paragraphs 1 through 42 of this Complaint and incorporate said allegations into this cause of action as though fully set forth herein.

44. At all times mentioned herein, Defendants, and DOES 1-100, inclusive, and each of them, were engaged in the business of manufacturing, designing, assembling, compounding, testing, inspecting, packaging, labeling, fabricating, constructing, analyzing, distributing, servicing, merchandising, recommending, advertising, promoting, marketing and selling the "Bath & Body Works Suddenly Sauna For Feet" and its component parts and constituents, for resale to and use by members of the general public.

45. At all times herein mentioned, the Defendants, and each of them, knew, or in the exercise of ordinary and reasonable care should have known, that the product was a product of such a nature that if it was not properly manufactured, designed, assembled, compounded, tested, inspected, fabricated, constructed, analyzed, distributed, serviced, merchandized, recommended, advertised,

promoted, marketed and sold, for the use and purpose for which it was intended, it was likely to injure the person or persons by whom it was used.

46.  The Defendants, and each of them, so negligently and carelessly manufactured, designed, assembled, compounded, tested or failed to test, inspected or failed to inspect, fabricated, constructed, analyzed, distributed, serviced, merchandized, recommended, advertised, promoted, marketed and sold the product and its component parts such that it was in a dangerous and defective condition, and unsafe for the use and purpose for which it was intended when used as recommended by Defendants.

47.  The defective and dangerous character and condition of the product, and the fact that it was unsafe for the use and purpose for which it was intended when used as recommended by Defendants, was known to Defendants, or in the exercise of ordinary and reasonable care should have been known and discovered by Defendants. The dangerous and defective character and condition of the product was not made known to Plaintiff by Defendants.

48.  On or about November 8, 2008, Plaintiff used, was subjected to and relied on the product for the purpose for which it was intended. As a proximate result of the negligence and carelessness of Defendants, and each of them, the product malfunctioned and/or caused injuries to Plaintiff.

49.  As a direct and proximate result of the negligence and carelessness of

the Defendants, and each of them, Plaintiff was injured. Plaintiff has been injured, damaged, suffered and continues to suffer great mental anguish, and has been generally damaged in a sum in excess of the jurisdictional limits of this Court.

## VIII.

## SIXTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

*(Against All Defendants)*

50. Plaintiff refers to, repeats and realleges each of the allegations in Paragraphs 1 through 49 of this Complaint and incorporate said allegations into this cause of action as though fully set forth herein.

51. Defendants, and each of them, negligently caused injury to Plaintiff. Plaintiff suffered serious emotional distress and the conduct of Defendants was a substantial factor in causing Plaintiff's emotional distress.

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, as follows:

   1. For general damages in an amount according to proof at trial and beyond the jurisdictional minimum of this Court;

   2. For medical and related expenses according to proof at trial;

   3. For economic losses in an amount according to proof at trial;

   4. For costs of the suit herein;

5. For applicable statutory interest as provided by law;

6. For punitive and exemplary damages according to proof;

7. For such other and further relief as the Court may deem just and proper.

## IX.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated: April 12, 2010

**AMUCHA & ASSOCIATES**

_____
AZUKA AMUCHA
Attorney for Plaintiff
TRACY MORISSON

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1800 Century Park East., Suite 600, Los Angeles, California 90067.

On **April 12, 2010** I served the within document(s) described as **Complaint** on the interested parties to this action as follows:

**Counsel for Defendant**
Mr. Jeffrey M. Lenkov
Manning & Marder
801 South Figueroa Street
15th Floor
Los Angeles, CA 90017

X  **BY MAIL:** By placing a true copy thereof in sealed envelopes and causing them to be deposited in the mail at Los Angeles, California. The envelopes were mailed with postage thereon fully prepaid. I am readily familiar with our firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

X  **STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own personal knowledge, that I am employed in an office of a member of the Bar of this Court at whose direction this service was made, and that I executed this document on **April 12, 2010** at Los Angeles, California.

Azuka Amucha
Printed Name                              Signature