JEFFREY M. LENKOV, ESQ. (SBN 156478)
JAMIE D. YABKO, ESQ. (SBN 259248)
**MANNING & MARDER**
**KASS, ELLROD, RAMIREZ LLP**
15th Floor at 801 Tower
801 South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendant and Cross-Complainant
**BATH & BODY WORKS**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY MORRISON,<br><br>            Plaintiff,<br><br>vs.<br><br>BATH & BODY WORKS, and DOES 1 to 100, inclusive<br><br>            Defendants.<br><br>BATH & BODY WORKS<br><br>            Cross-Complainant,<br><br>vs.<br><br>SPA REVOLUTIONS, INSPIRED SCIENCES LLC and ROES 1 through 20, inclusive,<br><br>            Cross-Defendant | Case No.: CV10-1276 ODW (Ex)<br>[Judge Otis D. Wright II]<br><br>**FIRST AMENDED CROSS-COMPLAINT FOR:**<br><br>1. **EXPRESS INDEMNIFICATION**<br>2. **EQUITABLE INDEMNIFICATION**<br>3. **EQUITABLE CONTRIBUTION**<br>4. **DECLARATORY RELIEF**<br><br>*Complaint Filed: 1/12/10* |

-1-

Defendant Cross-Complainant BATH & BODY WORKS, Inc., hereby alleges as follows:

## FIRST CAUSE OF ACTION

### (For Express Indemnification - Against All Cross-Defendants)

1. The true names and capacities, whether individual, corporate, associate, or otherwise of Cross-Defendants named herein as Spa Revolutions, Inspired Sciences LLC and ROES 1 through 20, inclusive, are unknown to this Cross-Complainant who therefore sues said Cross-Defendants by such fictitious names. Cross-Complainant will seek leave of Court to amend this Cross-Complaint to show their true names and capacities when the same have been ascertained.

2. Cross-Complainant is informed and believes and thereon alleges that each of the Cross-Defendants designated herein as Spa Revolutions, Inspired Sciences and ROE are responsible in some manner for the happenings and events hereinafter alleged and negligently or otherwise caused injury or damages as herein alleged. All allegations contained herein apply to Spa Revolutions, Inspired Sciences LLC and Roe Cross-Defendants.

3. Each of the Cross-Defendants is an agent, servant and/or employee of each of the remaining Cross-Defendants, and in doing the acts hereinafter alleged, was acting within the course and scope of said agency, service and employment.

4. Cross-Complainant is informed and believes and thereon alleges that Cross-Defendants are residents of the County of Los Angeles, State of California, or are doing business in the County of Los Angeles, State of California.

5. Plaintiffs have commenced an action against Cross-Complainant herein, alleging damages as a result of Cross-Complainant's acts or omissions. Plaintiffs' Complaint is incorporated herein by reference as though fully set forth at length for informational purposes only. Upon information and belief, it is anticipated that other parties may file Cross-Complaints against this Cross-Complainant.

///

6. Cross-Complainant has denied the allegations in the Complaint and have pled certain affirmative defenses as set forth in its Answer to the Complaint which Answer is incorporated herein by this reference as though fully set forth at length.

7. Prior to the date of Plaintiff's alleged injuries, Cross-Defendants Spa Revolutions, Inspired Sciences LLC and Roes 1 through 20 inclusive entered into individual contracts with Cross-Complainant with respect to the premises in question and/or other agreements relating to the subject premises. Said agreements provide that said Cross-Defendants will defend, indemnify and hold harmless Cross-Complainant from suits such as the instant one. Said Cross-Defendants have been placed on notice of the claims herein. Upon information and belief, as of the date of the filing of this Cross-Complaint, said Cross-Defendants, have refused to indemnify and defend Cross-Complainants.

8. Cross-Complainant was in no way liable for the accident, injuries or damages alleged in the Complaint. Upon information and belief, the accident, injuries or damages alleged in the Complaint were the direct and proximate result of the conduct of Cross-Defendants, and each of them. However, if as a result of the allegations in the Complaint, Cross-Complainant is held liable for all or any part of the damages alleged by the Plaintiffs, Cross-Complainant is entitled to indemnification by said Cross-Defendants, on the theory of express contractual indemnity.

9. Cross-Complainant has incurred costs and expenses herein and will incur additional costs and expenses in the defense of this action, including costs of investigation and reasonable attorneys' fees. If upon trial plaintiff secures judgment against Cross-Complainant, then Cross-Complainant will be further damaged in the sum or sums so awarded plaintiff. The exact amount of Cross-Complainant's damages is unknown to Cross-Complainant at this time, and Cross-Complainant seeks leave to set forth the full amount of said damages at the conclusion of the trial

of this matter.

## SECOND CAUSE OF ACTION

### (For Equitable Indemnification - Against All Cross-Defendants)

10. Cross-Complainant refer to Paragraphs 1 through 9 of its First Cause of Action and, by this reference makes them a part hereof as though fully set forth at length.

11. Cross-Complainant is in no way responsible for the events or happenings or damages alleged in the Plaintiff's Complaint, or any future Cross-Complaints filed by any other person or entity in this action. If Plaintiff and/or other Cross-Complainants sustain damages as alleged in the Complaint or the respective Cross-Complaints, such damages were caused entirely or partially by Cross-Defendants herein, and each of them.

12. If this Cross-Complainant is held responsible to any party in this action for any of the matters alleged in the Complaint of Plaintiff on file herein or in the Cross-Complaints of any other party to this action, then they are entitled to partial or full indemnity by Cross-Defendants and each of them, for any and all sums paid as a result of any damages, judgments or other awards recovered by Plaintiff, or Cross-Complaints against them, and for any loss that they may sustain in any matter because of the conduct of Cross-Defendants, and each of them, which conduct was the proximate and actual cause of the facts and damages upon which Plaintiff's Complaint and the Cross-Complaint of other parties herein, if any, are based.

13. Cross-Complainant has incurred costs and expenses herein and will incur additional costs and expenses in the defense of this action, including costs of investigation and reasonable attorneys' fees. If upon the trial or other proceeding of this matter, Plaintiff, or any other Cross-Complainants, secures judgment against this Cross-Complainant, then this Cross-Complainant will be further damaged in the sum

or sums so awarded plaintiff and/or said Cross-Complainant. The exact amount of Cross-Complainant's damages is unknown to Cross-Complainant at this time, and Cross-Complainant seek leave to set forth the full amount of said damages at the conclusion of the Trial of this matter.

14. By the filing of this Cross-Complaint and service on Cross-Defendants, hereby notifies said Cross-Defendants of its tender of the defense and indemnity of this action. Upon information and belief, it is alleged that the Cross-Defendants herein have and will deny to defend and indemnify this Cross-Complainant.

15. The claims of Cross-Complainant and Cross-Defendants arise out of the same transaction or occurrence and a determination of all claims in one proceeding is necessary and appropriate in order to avoid the multiplicity of actions that would result if Cross-Complainant were required to defend the claims of Plaintiff or of any other Cross-Complainant filed herein, and then bring a separate action against Cross-Defendants and each of them, for indemnification of any sum or sums which they may be compelled to pay as a result of any damages, judgment, or other awards recovered by Plaintiff or any other Cross-Complainant in this action.

## THIRD CAUSE OF ACTION
### (Equitable Contribution - Against All Cross-Defendants)

16. Cross-Complainant hereby incorporates the allegations contained in Paragraphs 1 through 15, inclusive of this Cross-Complaint as though fully set forth herein.

17. Cross-Complainant has denied any responsibility whatsoever with respect to the damages allegedly sustained by Plaintiff. If it should be found by this Court that this Cross-Complainant is in some manner responsible for the damages allegedly sustained by Plaintiff or any Cross-Complainants herein, then any damages found to have been sustained by said Plaintiff or Cross-Complainant, in this action,

were proximately caused or contributed to by the conduct of these Cross-Defendants, and each of them. It is necessary that a pro-rated degree of negligence and/or fault or other culpable conduct of Cross-Defendants and each of them, be determined and prorated so that this Cross-Complainant will not be required to pay more than the prorated share of any damages, judgment or other awards recovered by Plaintiff and/or other Cross-Complainants herein, and to pay only according to the degree of negligence or fault attributed to this Cross-Complainant.

## FOURTH CAUSE OF ACTION

### (Declaratory Relief - Against All Cross-Defendants)

18. Cross-Complainant hereby incorporates the allegations contained in Paragraphs 1 through 17, inclusive of this Cross-Complaint as though fully set forth herein.

19. An actual controversy exists between the Cross-Complainant on the one hand, and Cross-Defendants, and each of them, on the other hand, in that this Cross-Complainant contends that if it is held to be liable to Plaintiff on the Complaint, or any other Cross-Complainants, on their respective Cross-Complaints, Cross-Defendants, and each of them, are jointly and severally liable to Cross-Complainant for full or partial indemnification and/or equitable contribution and the payment of reasonable attorneys' fees and costs of suit in the defense of this action.

20. Cross-Complainant is informed and believes and base thereon alleges that Cross-Defendants, and each of them, deny the aforesaid contentions of Cross-Complainant and specifically deny the duty to defend and indemnify Cross-Complainant for reasonable attorneys' fees and costs of suit in the defense of this action.

21. Cross-Complainant requests a declaration that each Cross-Defendant is required to defend Cross-Complainant in connection with plaintiff's and/or other Cross-Complainant's claims and to provide or partial indemnification and/or

equitable contribution in connection with any liability that may be adjudged against Cross-Complainant. Such a determination is appropriate and necessary in that Cross-Complainant has no adequate or speedy remedy at law and the requested judicial declaration will avoid a multiplicity of suits, resulting in judicial economy and further the interests of justice.

WHEREFORE, Cross-Complainant prays for judgment against each Cross-Defendant as follows:

1. That Cross-Defendants and each of them, have the duties of indemnification, contribution and to hold Cross-Complainant free and harmless from any and all liability in connection with Plaintiff's Complaint;

2. For reasonable attorneys' fees and costs incurred in this action;

3. For such other and further relief as the Court may deem appropriate.

Dated: October 13, 2010

MANNING & MARDER
KASS, ELLROD, RAMIREZ LLP

By: _____
Jeffrey M. Lenkov, Esq.
Jamie D. Yabko, Esq.
Attorneys for Defendant and Cross-Complaintant, **BATH & BODY WORKS, INC.**

# PROOF OF SERVICE
*Tracy Morrison v. Bath & Body Works* -
USDC-Central Case No. CV-10-1275 ODW (Ex)

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 801 South Figueroa Street, 15th Floor, Los Angeles, California 90017.

On October 14, 2010 I served the document described as **FIRST AMENDED CROSS-COMPLAINT** on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope(s) addressed as follows:

SEE ATTACHED

☒ **(BY MAIL)** I caused such envelope(s) to be deposited in the mail at Los Angeles, California. The envelope(s) were/was mailed with postage thereon fully prepaid. I placed such envelope(s) with postage thereon prepaid in the United States mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY OVERNIGHT COURIER):** I placed the above-referenced document in envelope(s) designated by the express service carrier (UPS) for overnight delivery, addressed as indicated above or on the attached service list. I delivered said UPS envelope to the personnel of our mail room. I am "readily familiar" with the firm's practice of collecting and processing documents intended for UPS overnight delivery. Under that practice, after the document is delivered to the firm's mail room, it is deposited that same day, with delivery fees provided for, in a box or other facility regularly maintained by the express service carrier or is delivered to an authorized courier or driver authorized by UPS service carrier to receive documents for overnight delivery.

☐ **(BY FACSIMILE)** I telecopied such document to the offices of the addressee(s) at the listed fax number(s) as indicated above or on the attached service list.

☐ **(BY PERSONAL SERVICE)** I caused to be delivered such envelope(s) by hand to the offices of the addressee(s) as indicated above or on the attached service list via NATIONWIDE LEGAL, INC.

☒ **(FEDERAL)** I declare under penalty of perjury under the laws of the United States of America, that the above is true and correct.

Executed on **October 14, 2010** at Los Angeles, California.

Elizabeth Solorza

## PROOF OF SERVICE
*Tracy Morrison v. Bath & Body Works -*
USDC-Central Case No.CV-10-1275 ODW (Ex)

Azuka Amucha, Esq.
AMUCHA & ASSOICATES
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
Tel:   310-272-8563
Fax:  310-272-8564
*Attorneys for Plaintiff TRACY MORRISON*


Anahita Sedaghatfar, Esq.
LAW OFFICES OF ANAHITA SEDAGHATFAR
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
*Associate Attorney for Plaintiff, TRACY MORRISON*
Tel: 310.734-6713
Fax; 310.272-8564